# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1306002171 |
| | ) | |
| TIMOTHY MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 6, 2016
Decided: July 11, 2016

Upon Commissioner's Report and Recommendation That
Defendant's Motion for Postconviction Relief
Should be Denied

**ADOPTED**

## ORDER

This 11th day of July, 2016, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, and the relevant proceedings below.

On September 3, 2014, Defendant Timothy Martin filed a *pro se* motion for postconviction relief. Subsequently, Defendant was assigned counsel ("Rule 61 Counsel"). The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. On September 1, 2015, Rule 61

Counsel filed a Supplement to Motion for Postconviction Relief and Request to Withdraw as Attorney of Record for Petitioner's Pro Se OCME Claim ("Supplemental Motion"). After the Supplemental Motion was submitted, the Commissioner enlarged the record by directing Defendant's Trial Counsel to submit an Affidavit responding to Defendant's ineffective assistance of counsel claims. On October 13, 2015, Trial Counsel submitted an Affidavit. On January 29, 2016, the State filed a response to the Defendant's Supplemental Motion. On February 29, 2016, Rule 61 Counsel filed a Reply Brief in support of the Supplemental Motion. On May 25, 2016, the Commissioner issued the Report and Recommendation. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] Neither party has filed an objection.

The Court holds that the Commissioner's Report and Recommendation dated May 25, 2016, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[2]

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).

[2] Super. Ct. Crim. R. 62(a)(4)(iv).

**THEREFORE,** the Court hereby accepts the Commissioner's Report and Recommendation in its entirety.

**IT IS SO ORDERED.**

_____/s/_____
The Honorable Mary M. Johnston
